**RONG MEI ZHU, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

**No. 08–3291–ag.**

United States Court of Appeals, Second Circuit.

Nov. 4, 2009.

H. Raymond Fasano, Esq., New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Shelley R. Goad, Senior Litigation Counsel, Jennifer R. Khouri, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C. for Respondent.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES, and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Rong Mei Zhu, a native and citizen of the People's Republic of China,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

seeks review of a June 4, 2008 order of the BIA denying her motion to remand and affirming the November 16, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying her application for relief under the Convention Against Torture ("CAT"). *In re Rong Mei Zhu,* No. A079 083 776 (B.I.A. June 4, 2008), *aff'g* No. A079 083 776 (Immig. Ct. N.Y. City Nov. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

## I. Convention Against Torture

Zhu alleged that she was likely to face torture in China because she departed that country illegally. The agency found, however, that Zhu failed to establish that her departure was illegal. By itself, this finding is sufficient to defeat Zhu's application for CAT relief.

However, even if Zhu did leave China illegally, the agency did not err in finding that the documentation she submitted in support of her CAT claim was insufficient to meet her burden of proving a clear probability of torture. *See* 8 C.F.R. §§ 1208.16(c), 1208.17. In order to prevail on her CAT claim, Zhu needed to submit evidence showing a clear probability that someone in her particular alleged circumstances would be tortured. *See Mu–Xing*

*Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). That is, Zhu was required to show that an individual who, like herself, left China illegally and was later removed from the United States, would more likely than not be subjected to torture if she returned to China. *See id.* We cannot find, contrary to the agency, that Zhu produced such particularized evidence. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

## II. Motion to Remand

In addition, the BIA did not err in finding that the evidence that Zhu submitted in support of her motion to remand was insufficient to warrant further proceedings on her claim that she would face persecution in China based on the birth of her two children in this country. We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). A motion to remand that relies on additional evidence is held to the substantive requirements of a motion to reopen. *See id.* at 156. Thus, the movant's failure to establish her *prima facie* eligibility for the underlying relief sought is a valid basis for denying such a motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

We have previously reviewed the BIA's consideration of Zhu's evidence, and evidence similar to it, and found no error in its conclusion that such evidence was insufficient to establish the likelihood that an applicant would be subjected to forced sterilization or other measures amounting to persecution on account of having given birth to two children in the United States. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir.2008). Accordingly, the BIA did not abuse its discretion in denying Zhu's motion based on her failure to establish her *prima facie* eligibility for the underlying relief sought. *See Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).